OPINION
Defendant-appellant Trevor Toles appeals his conviction and sentence from the Stark County Court of Common Pleas on two counts of Trafficking in Cocaine in violation of R.C. 2925.03(A) (count one felony four; count two felony five). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 16, 1998, Trevor Toles [hereinafter appellant] was indicted by the Stark County Grand Jury on two counts of Trafficking in Cocaine in violation of R.C. 2925.03(A) (count one felony four; count two felony five). At his arraignment on November 20, 1998, appellant entered a plea of not guilty to the charges. Thereafter, a jury trial commenced on January 25, 1999. The following facts were adduced at trial: On August 30, 1998, at two separate times, the Special Investigations Unit of the Massillon Police Department initiated an undercover operation in which they purchased crack cocaine. On both occasions, an undercover police officer, Officer Ryan Smith, accompanied by a confidential informant, purchased crack cocaine at the address believed to be 1717 Shawnee Avenue, S.E., Massillon, Ohio. Both transactions were tape recorded, however testimony reflected that the quality of the audio tapes was poor. The first drug buy occurred at approximately 2:10 p.m. on August 30, 1998. Officer Smith testified that once inside the residence, the confidential informant introduced him to "Trevor Toles" and that Trevor Toles, sold him six pieces of crack cocaine for $100.00. The undercover officer testified that he was face to face with appellant for approximately eleven minutes. After the transaction, while at the Massillon Police Department, Officer Smith identified the man from which he purchased the drugs by name. Thereafter, the officer was shown a picture of appellant and the officer identified appellant as the man from whom he purchased the crack cocaine. The second drug buy occurred at approximately 4:30 p.m. on the same day. Officer Smith testified that he and the confidential informant went back to the Shawnee residence. On that occasion, appellant came out to the officer's vehicle and sold the officer seven pieces of crack cocaine for $299.00. After this drug buy, the officer again identified appellant's photograph as the man from whom he purchased crack cocaine. Officer Smith identified the crack cocaine purchased from appellant from both buys. Both bags of crack cocaine were admitted as prosecution exhibits. The bags had previously been marked with the times of the buy and the locations of the buys. The bag of crack cocaine purchased at the second buy was mis-marked as having been purchased at a location other than 1717 Shawnee S.E. While on the witness stand, Officer Smith identified appellant as the man from whom he purchased the crack cocaine on both occasions. At the time of the initial purchase of drugs, Office Smith stated that appellant was approximately 5'8" and records reflect appellant is 6'0". However, Officer Smith testified that he was able to identify appellant from his facial features including appellant's cheek bones and lower jaw, appellant's hair style and eyes. The defense stipulated that the substance in question was crack cocaine, a schedule II drug. It was further stipulated that the crack cocaine from the first purchase was .71 grams and .36 grams from the second purchase. The jury found appellant guilty of two counts of Trafficking in Cocaine in violation of R.C. 2925.03(A), count one a felony four, count two a felony five, as charged in the indictment. On January 29, 1999, appellant was sentenced to be committed to the Lorain Correctional Facility for a definite term of seventeen months in prison for the offense of Trafficking in Cocaine, one count, R.C. 2925.03(A)(F4), and a definite term of eleven months in prison for the offense of Trafficking in Cocaine, one count, R.C. 2925.03(A)(F5). The trial court ordered that these sentences to be served consecutively, for a total of 28 months in prison. A Judgment Entry of Sentencing was filed on February 4, 1999. It is from his conviction and sentence that appellant prosecutes this appeal, raising the following assignment of error:
 THE FINDING BY THE JURY THAT TREVOR TOLES IS THE PERSON WHO SOLD THE CRACK COCAINE TO OFFICER SMITH ON AUGUST 30, 1998, AT 1715 SHWANEE AVENUE S.E. IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
Appellant, in his only assignment of error, asserts that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. Appellant argues that mistakes made during the investigation caused the undercover police officer's identification of appellant to be unreliable. We disagree. In State v. Jenks (1981), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541
(citing State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1. Appellant was charged with two counts of R.C. 2925.03(A), which states "[n]o person shall knowingly sell or offer to sell a controlled substance." When applying the above standards of review to the case sub judice, we find, as a matter of law, that appellant's convictions were based upon sufficient evidence and were not against the manifest weight of the evidence. Appellant claims that the following errors and discrepancies arose during the trial: 1. Testimony reflected that the drug transactions took place at 1715 Shawnee Avenue S.E., Massillon, Ohio. Appellant does not reside at 1715 Shawnee Avenue. 2. After the second purchase of crack cocaine, the evidence, the bag of crack cocaine, was improperly marked or lost. 3. The testimony of the undercover officer as to the time of the transactions differed from the times reflected in the written records of the Massillon Police Department. 4. The undercover officer, during one of the transactions, in which there was a face to face transaction between appellant and the undercover officer, described appellant as being 5'8" in height. However, records reflect that appellant is 6' tall. Further, appellant argues that the officer's identification of appellant was flawed when the officer identified appellant after being shown a photograph of Trevor Toles. Appellant contends that the officer should have been shown an array of photographs and required to pick appellant out from the array. Further, appellant finds it significant that the State did not produce the copy of the photograph used by the undercover officer to identify appellant. The defense stipulated that the substance admitted into evidence was crack cocaine, a schedule II drug and stipulated to the weight of the crack cocaine. We find that the undercover officer testified and explained the actions taken in the investigation and explained any alleged discrepancies to the jury. We find that in spite of any discrepancies noted by appellant, the conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. The record reflects, and it is alleged by appellant, that appellant does not reside at 1715 Shawnee S.E., the address listed by the officer as the address at which he purchased drugs. It appears from the record that appellant lives at 1717 Shawnee S.E. However, testimony showed that the building in which appellant lived was a converted duplex and the building is marked on the outside with the address of what was the other half of the duplex, 1715 Shawnee S.E. During the first drug buy, the officer was introduced to appellant by a confidential informant who identified appellant as "Trevor Toles." The undercover officer testified that he dealt with appellant face to face for up to eleven minutes at a time and made two crack cocaine purchases from appellant. The officer testified at trial and was able to identify appellant as the man who sold the crack cocaine to him. The officer was able to describe appellant's facial features, coloring, hair style and clothing and distinguished those characteristics from another individual at the residence who was assisting appellant. Later at the Massillon Police Department, the officer was shown a picture of a "Trevor Toles" and the officer was able to identify appellant as the man who sold him drugs. The undercover officer identified the crack cocaine purchased from appellant and the crack cocaine was admitted into evidence. As to questions as to how the bag of crack cocaine from the second purchase came to be mis-marked as to the time and location of the drug buy, the officer testified that he did not mark the bag. The officer testified that he purchased the drugs in the bag in question from appellant and turned the bag over to a detective who was involved in the investigation. The jury had the opportunity to listen to the officer's testimony, view his demeanor and assess the officer's testimony. The jury was in the best position to assess the witness' credibility and they chose to believe the officer. We find, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crimes were proven beyond a reasonable doubt and that those crimes were committed by appellant. Therefore, we conclude that the convictions are supported by sufficient evidence. We also find that the jury, in resolving conflicts in the evidence as trier of fact, did not lose its way nor create a manifest miscarriage of justice. Therefore, we also conclude that the convictions are not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
The Judgment of the Stark County Court of Common Pleas is affirmed.
 _______________________________ EDWARDS, J.
GWIN, P.J. and HOFFMAN, J. CONCUR.